Order Form (01/2005)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Ronald A. Guzman | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 12 C 19 | **DATE** | May 3, 2012 |
| **CASE TITLE** | Antonio Kendrick (R-51546) vs. Dr. Gerardo Guzman | | |

**DOCKET ENTRY TEXT**

Plaintiff may proceed with his amended complaint against Dr. Imhotep Carter, who is directed to respond to the claim that he allegedly acted with deliberate indifference to Plaintiff's joint condition. The clerk shall issue summons for service of the amended complaint on this Defendant by the U.S. Marshal. The other Defendants and claims in the amended complaint are dismissed.

■[ For further details see text below.]    Docketing to mail notices.

# STATEMENT

Plaintiff Antonio Kendrick (R-51546), an inmate currently incarcerated at the Stateville Correctional Center, alleged in his initial complaint that doctors at the DuPage County Jail prescribed Crestor for his high cholesterol, but did not inform him of the side effects and did not perform a liver test before prescribing the medication. The Court dismissed the initial complaint for failure to state a claim, given that Plaintiff's claims at most alleged negligence and malpractice but not deliberate indifference to a serious medical need. *See Rodriguez v. Plymouth Ambulance Service*, 577 F.3d 816, 828 -29 (7th Cir. 2009) (neither negligence, malpractice, nor even gross negligence rise to the level of deliberate indifference, which requires a plaintiff to show "(1) an objectively serious medical condition to which (2) a state official was deliberately, that is subjectively, indifferent"); *see also Hicks v. Larned State Hosp.*, No. 07-3020-SAC, 2007 WL 2460842, *1(D. Kan. Aug. 24, 2007) (Crow, J.); *Stewart v. Taft*, 235 F. Supp. 2d 763, 771 (N.D. Ohio 2002) (prescribing medications without warning of side-effects is considered a claim of negligence, but not deliberate indifference). The Court further noted that Plaintiff's claims concerned events that occurred more than two years before this suit and were thus time-barred. The Court afforded Plaintiff an opportunity to submit an amended complaint that stated valid and timely claims.

Plaintiff has submitted an amended complaint. Plaintiff now alleges two claims: (1) he has been prescribed Naproxen and ibuprofen at Stateville, but was not told of the medications' side-effects, and (2) he has received inadequate care for his condition which causes significant joint pain. Plaintiff names Dr. Imhotep Carter (Stateville physician), Wexford Health Sources (the company that contracts to provide medical services to Illinois inmates); Stateville Medical Director Louis Shicker, Physical Therapist Jose Becera, and Boswell Pharmacy.

For the reasons previously stated, Plaintiff cannot proceed with his claim that he was not informed of the side-effects of medications. This claim in the amended complaint is dismissed, and Boswell Pharmacy, which was named only for this claim, is also dismissed.

With respect to his claim of inadequate treatment for his chronic joint pain condition, Plaintiff may proceed against Dr. Carter, but not the other Defendants. Plaintiff's claims against Wexford and Dr. Shicker seek to hold them liable in the supervisory capacities for overseeing the Stateville doctors. However, Plaintiff alleges neither that they were personally involved with the denial of treatment for his joint condition

| STATEMENT |
|---|

nor that they maintained an unconstitutional policy or custom related to his need for treatment. *Perkins v. Lawson*, 312 F.3d 872, 875 (7th Cir. 2002) (there is no respondeat superior liability under § 1983, and a supervisory official must be personally involved in some way the alleged constitutional violation); *Roe v. Elyea*, 631 F.3d 843, 861–67 (7th Cir. 2011) (supervisory official may be held liable for an unconstitutional policy or custom he implemented or allowed); *see also Minix v. Canarecci*, 597 F.3d 824, 832 (7th Cir. 2010) (private contractors that provide medical services to prisoners are treated like municipalities for purposes of § 1983 and may be held liable for an unconstitutional policy or custom).

      Nor has Plaintiff stated claims against Physical Therapist Becera, as Plaintiff does not allege that this person was deliberately indifferent with treating Plaintiff. Instead, Plaintiff alleges only that Becera should have made sure that Plaintiff receive proper shoes. Plaintiff, however, does not state that Becera was involved with Plaintiff's attempts to obtain such shoes. *See Burks v. Raemisch*, 555 F.3d 592, 595 (7th Cir. 2009) (not everyone who knows of an unconstitutional condition has a duty to something about it and there "free-floating obligation to put things to right").

      Accordingly, Plaintiff may proceed with his claims against Dr. Carter for his alleged deliberate indifference with respect to his treatment of Plaintiff's joint condition. The other claims and Defendants are dismissed. The clerk shall issue summons for service of the amended complaint on Dr. Carter, and the U.S. Marshal is directed to serve this Defendant. The Marshal may forward to Plaintiff any forms necessary for service. Plaintiff's failure to return forms to the Marshal may result in the dismissal of Defendant. The Marshal may attempt to obtain a waiver of service pursuant to Fed. R. Civ. P. 4(d), but if unable to obtain a waiver, the Marshal must attempt personal service.

      Plaintiff must submit a judge's copy of all filings and must send a copy of all filings to Defendant, or to his attorney, after one enters an appearance. Plaintiff must include a certificate of service with each filing that states to whom and the date copies were mailed. Letters sent directly to the judge, as well as any submissions to the court that do not comply with the court's instructions, may be returned to Plaintiff without being filed.