# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Ronald A. Guzman | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 12 C 19 | **DATE** | November 13, 2012 |
| **CASE TITLE** | Antonio Kendrick (R-51546) vs. Dr. Gerardo Guzman | | |

**DOCKET ENTRY TEXT**

Plaintiff's motion for reconsideration [11] is granted in part and denied in part. The Court vacates its prior dismissal of Dr. Shicker and he is reinstated as a Defendant in this case. The clerk shall issue summons for service of the amended complaint [5] on Dr. Shicker and shall issue alias summons for service of the amended complaint on Dr. Carter. Plaintiff's motion to supplement his motion to reconsider [18] is granted to the extent the Court considers this pleading as part of his motion to reconsider. Plaintiff's motion to reissue summons for Dr. Carter [19] is granted in accordance with the instructions of this order. Plaintiff's motion for greater library access [13] is denied without prejudice. However, the Court certifies that Plaintiff has cases pending in this Court and requests that prison officials afford him reasonable access to its library. The clerk shall mail a copy of this order to the office of Marcus Hardy, Warden of Stateville Correctional Center.

■[ For further details see text below.]    Docketing to mail notices.

# STATEMENT

     Pending before this Court are Plaintiff Antonio Kendrick's motions: (1) to reconsider this Court's May 3, 2012, order that allowed him to proceed with his claims against Dr. Imhotep Carter but dismissed the other Defendants, (2) to supplement his motion to reconsider, (3) to reissue summons on Dr. Carter, and (4) for greater library access at his prison. On May 3, 2012, this Court allowed Plaintiff's amended complaint to proceed against Dr. Carter for allegedly failing to adequately treat Plaintiff's joint condition. In that order, the Court dismissed Boswell Pharmacy, Dr. Louis Shicker, Wexford Health Sources, and Physical Therapist Jose Becerra. Plaintiff contends that this Court misinterpreted his claims against Boswell Pharmacy, Wexford Health Sources and Dr. Shicker, and Plaintiff seeks to bring these Defendants back into this case.

     Plaintiff also contends that he intended also to bring against Dr. Carter a state-law claim of failure to warn because Dr. Carter did not warn Plaintiff of the side effects of his medications Crestor (for cholesterol) and Ibuprofen and Naproxen (for his joint condition). The Naproxen, and possibly also the Ibuprofen, allegedly caused him headaches, kidney pains, and dizziness, which allegedly contributed to Plaintiff falling in a shower.

     Construing Plaintiff's motion to reconsider as a Fed. R. Civ. P. 59(e) motion (he filed it within 28 days of the 5/3/12 order), this Court must determine if Plaintiff demonstrates a manifest error of law with the prior order or presents newly discovered evidence. *Obriecht v. Raemisch*, 517 F.3d 489, 494 (7th Cir. 2008).

     Plaintiff's claims against Boswell Pharmacy (a Pennsylvania pharmaceutical company) seeks to hold it liable for failing to warn of side effects of medications. Plaintiff states that he intended to bring a state-law claim against Boswell under this Court's diversity jurisdiction, and that this Court incorrectly analyzed the claim as one under § 1983. Plaintiff repeats this contention in his supplement, but adds that he should be considered domiciled in Tennessee, because he is from there and intends to return there after his release from prison. Regardless whether Plaintiff and Boswell Pharmacy are "citizens of different States" under 28 U.S.C. § 1332, Plaintiff cannot proceed with this claim for several reasons. Absent allegations of specialized knowledge, a claim of a failure to warn of medication side effects in Illinois should be brought against the doctor who prescribed the

medication, not the pharmacy. *DiGiovanni v. Albertson's, Inc.*, 940 N.E.2d 73, 75-76 (Ill.App. 1 Dist. 2010); *see also Eldridge v. Eli Lilly & Co.*, 485 N.E.2d 551 (1985); *Leesley v. West*, 518 N.E.2d 758 (1988); *Fakhouri v. Taylor*, 618 N.E.2d 518 (1993).

Additionally, and to the extent Plaintiff also seeks to bring this state-law claim against Dr. Carter and Wexford, Plaintiff had to include with his complaint a report affirming that a qualified, licensed physician has reviewed the case and determined that "there is a reasonable and meritorious cause for the filing of such action." 735 ILCS 5/2-622(a)(1); *see also Sherrod v. Lingle*, 223 F.3d 605, 613–14 (7th Cir. 2000); *see also In re Yasmin and Yaz (Drospirenone) Marketing, Sales Practices and Products Liability Litigation*, Nos. 3:09-md-02100 and 3:10-cv-0322, 2010 WL 4904488 at *3-4 (S.D. Ill. Nov. 24, 2010) (applying 5/2-622 to claims of failure to warn of side effects of medication). This rule is a substantive one, as opposed to simply procedural, and thus applies to Illinois state-law claims filed in federal court. *Warren ex rel. Warren v. Dart*, No. 09 C 3152, 2010 WL 4883923 at *10 (N.D. Ill. Nov. 24, 2010) (Dow, J.), citing *Chapman v. Chandra*, No. 06-cv-651, 2007 WL 1655799, at *3–4 (S.D. Ill. Jun.5, 2007) (Reagan, J.) (collecting cases). Even if Plaintiff intended to bring state-law claims of failure to warn with his federal deliberate indifference claims, the state-law claims must be dismissed for failing to submit the requisite certificate under Illinois law. Accordingly, the claims against Boswell Pharmacy, as well as any state-law claims, remain dismissed.

As to Wexford, Plaintiff seeks to hold it liable (1) for failing to train and supervise its doctors, (2) for not having a policy requiring informed consent, and (3) in its supervisory capacity over its doctors under a state-law theory of respondeat superior. Plaintiff contends that he and Wexford are diverse given that Wexford is a corporation domiciled in Pennsylvania. For the reasons stated above, any state-law claim against Wexford is dismissed. With respect to Plaintiff's claim that Wexford had a policy or custom of not training or supervising its doctors or failing to warn of medication side effects, the claims are conclusory at best. Plaintiff identifies no policy, custom, or practice to support such claims, and it appears clear from his allegations that he seeks simply to include Wexford with his claims against the doctors. Plaintiff's conclusory allegations of Wexford's failure to supervise and train, as well as its alleged failure to warn inmates of a medication's effects, do not sufficiently state a claim. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."); *West v. Shah*, No. 11 C 3271, 2011 WL 3924164 at *3 (C.D. Ill. Sept. 11, 2011) (Myerscough, J.) (dismissing similar claims of failure to train and supervise against Wexford as conclusory and insufficient under *Iqbal*). The claims against Wexford remain dismissed.

As to Dr. Shicker, Plaintiff contends that the amended complaint stated a claim that this Defendant acted with deliberate indifference to Plaintiff's serious medical needs. As to this contention in Plaintiff's Rule 59(e) motion, the Court agrees. Plaintiff alleged in his amended complaint that he wrote letters to IDOC Medical Director Dr. Shicker complaining that Plaintiff was receiving inadequate care at Stateville. Plaintiff asserted that, when Dr. Carter failed to treat Plaintiff's joint condition and refused to obtain special shoes for him, he wrote to Dr. Shicker seeking assistance. Dr. Shicker allegedly wrote back, stating that Plaintiff should seek to resolve his issues with the prison's medical department, which Plaintiff states he was unable to do. Dr. Shicker, however, did not intervene or ensure that Plaintiff was receiving adequate medical attention. Although not every person who receives letters of an alleged constitutional violation is liable under § 1983, *see Burks v. Raemisch*, 555 F.3d 592, 595 (7th Cir. 2009), Dr. Shicker was not simply an unrelated public official. As the IDOC medical director, there is at least an inference that he could have intervened or at least investigated Plaintiff's complaints. Plaintiff's allegations that Dr. Shicker turned a blind eye to his complaints and condoned the lack of medical treatment sufficiently assert a deliberate indifference claim against him. *Matthews v. City of East St. Louis*, 675 F.3d 703, 708 (7th Cir. 2012) (a supervisory official may be personally liable if he participated in, directed, condoned, or turned a blind eye to the constitutional violation); *see also Chavez v. Illinois State Police*, 251 F.3d 612, 651 (7th Cir. 2001). A more fully developed record may demonstrate that Dr. Shicker had no such involvement, but this cannot be determined from the amended complaint. Accordingly, the Court will reinstate Dr. Shicker as a Defendant and Plaintiff may proceed with his claims against him.

| STATEMENT |
|---|

Accordingly, for the reasons stated above, Plaintiff's motion to reconsider, construed as a Rule 59(e) motion, is granted in part and denied in part. Plaintiff may proceed with his claims against Dr. Shicker and this party will be reinstated as a Defendant. Plaintiff's motion is denied with respect to the other relief he seeks, and Wexford Health Sources and Boswell Pharmacy remain dismissed. The Court will direct service of the amended complaint on Dr. Shicker, as well as the issuance of alias summons for Dr. Carter.

As to Plaintiff's request for additional library access, the Court denies the request without prejudice. *See Smith v. Shawnee Library System*, 60 F.3d 317, 323 (7th Cir. 1995) (a right of access to courts does include an unfettered right to access a prison's library). Nonetheless, the Court notes that Plaintiff has several cases pending here, and the Court requests that Stateville officials allow him reasonable access in accordance with the prison's rules and regulations.

The clerk shall issue summons for service of the amended complaint on Dr. Shicker and alias summons for service on Dr. Carter. The Marshal may forward to Plaintiff any forms necessary for service. Plaintiff's failure to return forms to the Marshal may result in the dismissal of Defendants. The Marshal may attempt to obtain a waiver of service pursuant to Fed. R. Civ. P. 4(d), but if unable to obtain a waiver, the Marshal must attempt personal service.