# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Ronald A. Guzman | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 12 C 19 | **DATE** | 3/27/2013 |
| **CASE TITLE** | Antonio Kendrick (R-51546) vs. Dr. Gerardo Guzman | | |

**DOCKET ENTRY TEXT**

Plaintiff's motion for a preliminary injunction [40] is denied. Plaintiff's motion for a settlement conference [48] is denied, but may be considered if and when all the parties agree to such a conference.

■[ For further details see text below.]  Docketing to mail notices.

## STATEMENT

Plaintiff Antonio Kendrick (R-51546), an inmate incarcerated at the Stateville Correctional Center, is currently proceeding with his second amended complaint against Dr. Imhoptep Carter and Dr. Ghosh (former Stateville doctors), Dr. Louis Shicker (former Illinois Department of Corrections Medical Director), and Wexford Health Sources. Plaintiff alleges that the Defendants acted with deliberate indifference to his rheumatoid arthritis condition. Currently before the Court are Plaintiff's motions for a preliminary injunction and for a settlement conference. His motions are denied.

Plaintiff's motion for a preliminary injunction seeks this Court to order that he receive either an MRI for his arthritis, as well as an MRI or other diagnostic tests for his cholesterol condition. Plaintiff also seeks orthopedic shoes and hot therapeutic showers.

A preliminary injunction requires Plaintiff to show: (1) his case has some likelihood of success on the merits; (2) that no adequate remedy at law exists; and (3) he will suffer irreparable harm if an injunction is not granted. *Ty, Inc. v. Jones Group, Inc.*, 237 F.3d 891, 895 (7th Cir. 2001). If Plaintiff is able to make the requisite showing, this Court must then consider the harm that the nonmoving party would suffer if preliminary injunctive relief is granted, "balancing such harm against the irreparable harm the moving party will suffer if relief is denied." *Id.* Finally, the Court must consider the interests of non-parties (the public's interest) in denying or granting the injunction. *Id.*

Plaintiff has not made the requisite showing for injunctive relief. As Plaintiff states in his preliminary injunction motion, as well as several of his pleadings before this Court, he received an MRI in 2010 and has discussed treatment of both his cholesterol and arthritis conditions with Stateville's current doctors. "The Constitution is not a medical code that mandates specific medical treatment." *Jackson v. Kotter*, 541 F.3d 688, 697 (7th Cir. 2008), quoting *Snipes v. DeTella*, 95 F.3d 586, 592 (7th Cir. 1996). "[T]he question whether an X-ray or additional diagnostic techniques or forms of treatment is indicated is a classic example of a matter for medical judgment." *Jackson*, 541 F.3d at 697-98, quoting *Estelle v. Gamble*, 429 U.S. 97, 107 (1976). Plaintiff has not shown that such tests are necessary for treatment of his current conditions. This Court will not mandate that he receive particular tests based upon Plaintiff's speculations that such tests are needed. The same is true for Plaintiff's requests for medical permits for particular shoes and showers. "[P]laintiff is not entitled to demand specific care." *Johnson v. Doughty*, 433 F.3d 1001, 1013 (7th Cir. 2006). Plaintiff's preliminary injunction

| STATEMENT |
|---|
| motion indicates not that he is unable to receive constitutionally adequate medical care, but rather that he is unable to get the medical care he desires. Such a situation does not give rise to a § 1983 claim. His motion for injunctive relief is therefore denied.<br><br>    Plaintiff's motion for a settlement conference is also be denied. The Court encourages parties to discuss settlement; however, the Court will not compel the Defendants to engage in such discussions at this time. His motion for a settlement conference at this time is denied. If and when all parties are amenable to a settlement conference, the Court will then consider whether to refer the case for such a conference. |